Grover, J.
The special term erred in holding as a conclusion of law, that the execution should have been issued by the clerk, and not the party or his attorney. Section 68 of the Code, among other things, provides that sections 55 to 64, both inclusive, shall apply to the justices’ courts of the cities, with the following among other exceptions: “ and except, also, that in the city and county of New York, a judgment of twenty-five dollars, or over, exclusive of costs, the transcript whereof is docketed in the office of the clerk of that county, shall have the same effect as a lien, and be enforced in the same manner as, and be deemed a judgment of, the Court of Common Pleas for the city and county of New York.” This, it would seem, could leave no doubt but that such judgments were to be enforced in the same manner as judgments rendered by the court of common pleas of the city. The Code provides that these latter judgments shall be enforced by executions issued by the party or his attorney. It will be seen, that it is by the 13th clause of section 64 that provision is made for the issuing of executions upon judgments of justices of the peace, where transcripts have been filed with county clerks by such clerks. The exception in .68, referred to above, does not make this clause applicable to the city and county of New York, but expressly provides another mode for the enforcement of the judgment. The execution was rightly issued by the attorney.
There is nothing in the objection that the execution was issued by Niles, who was not an attorney, in the name of Clark. There is no rule of law or of public policy precluding' an attorney from .entering into an agreement with one not an attorney to enter his office and act as his clerk, compensating him therefor by giving him an interest in the business. In such a case, the attorney is responsible to the courts, and to *207 all interested, to the same extent he would be if all the business was done by him personally.
The exception to the proof offered upon the trial as to the amount of the property of the testator was not well taken, for the réason that such proof could' have no possible bearing on the case one way or the other. The party had just as clear a right to issue the execution to Kings County, and collect it there, if the testator had millions of property in New York, as he would have had if he had none there. This right so to do was perfect in either event. (Code, 287.) It is clear that the rights of the defendants could not in any way be affected by such evidence; and where this is the case, an exception to the evidence is unavailing.
It is clear, that but for finding of the fact, by the court at special term, that the defendants fraudulently ¿oncealed the issuing of the execution to Kings County, and the sale and conveyance of the property by the sheriff, the judgment should be reversed and a new trial ordered. If that fact was correctly found, it authorizes the judgment rendered.
No exception that there was no evidence of such fraud was taken by the defendant. Had such exception been taken, the question whether there was or was not any such evidence could have been reviewed in this court. It is error of law for a court to find a fact of which there is no proof whatever. But to make such error available in this court, the proper exception presenting it must be taken to the court below, as this court, upon appeal, except in special cases regulated by statutes, reviews only questions of law passed upon by the court below. I make these observations, lest an affirmance should be regarded as an approval of the finding of fact by the special term in this case.
I have perused the case, and am wholly unable to see how such a finding can be sustained. Neither, Edmonds, his attorney, nor Lee, was under any obligation to inform the testator or his attorney of the issuing of the execution, or of the levy and sale of the property. It was the business of the testator and his attorneys, either to stay the execution upon the appeal, or protect his property, wherever found, from its operation.' The judgment creditor had the right to collect his *208 judgment in the mode pointed out by law; and if the testator had real estate in Kings, or any other county, it was no fraud upon him to collect the debt out of such property, although he had ample personal property in the city of Rew York, out of which such judgment might have been collected. So long as the creditor, his attorneys and agents do no affirmative acts tending to mislead the debtor, and prevent him from protecting his property from sale, or redeeming real estate if sold, there is no ground for imputing fraud, and charging the consequence thereof upon the creditor or purchasers at sales.
But, as above stated, the finding of facts cannot be reviewed in this court. There is no exception that there was no evidence thus presenting it as a question of law; and it is not claimed, nor can it be, that it may be reviewed in this court as a question of fact upon the weight of evidence.
The general term might, and perhaps would, have reversed this finding of fact, had it not adopted the erroneous conclusion that the execution was void, not having been issued by the clerk; but this court has no means of knowing this. It is concluded by the record as it is. The appellant should have procured from the general term a reversal of the finding of fact, if that was its conclusion, before appealing to this court; and then it would have appeared that the judgment was based solely upon the ground that the execution was void, and then the reversal of the judgment now would have followed. But, as the record now stands, the judgment must be affirmed.
All the judges concurred in the result.
A majority held that the statute does not require the execution in such a case to be issued by the county clerk.
Judgment affirmed.